

FILED

SEP 21 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KURTIS KILLSONTOP,<br><br>Petitioner,<br><br>vs.<br><br>MICHAEL FLETCHER, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 17-111-M-DLC-JCL<br><br>ORDER TO FEDERAL DEFENDERS TO LOCATE COUNSEL |

On August 14, 2017, Petitioner Kurtis Killsontop, a Montana State prisoner, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In March of 2014, Killsontop was convicted and sentenced for two counts of Assault with a Weapon in the Fourth Judicial District, Missoula County. See, *State v. Killsontop*, 2016 MT 235N at 2, ¶ 2.[1] Following his conviction, Killsontop filed a direct appeal, arguing the trial court erred in admitting testimony of one victim's prior consistent statement. *Id.* The Montana Supreme Court held the challenged testimony was admitted in error, but that the error did not prejudice Killsontop and did not warrant reversal of his conviction. *Id.* at ¶7.

---

[1] All state court opinions and briefs are available at: https://supremecourtdocket.mt.gov/search (accessed August 17, 2017).

1

In his present petition, Killsontop claims that he was provided ineffective assistance of counsel because his trial attorney allegedly failed to adequately communicate with him during trial and post-trial. (Doc. 1 at 4). He also asserts his right to due process was violated when the trial judge "kicked him off the stand" prior to the completion of his trial testimony. *Id.* at 5; see also (Doc. 5 at 1).[2]

Because it was unclear whether or not Killsontop had sought any form of collateral review, this Court ordered him explain exactly what steps he has taken to exhaust the claims presented in his federal petition in the state courts. (Doc. 3). In his response, Killsontop referenced both a state postconviction petition and a state habeas petition, but provided no additional documentation. (Doc. 5 at 1). The Court has been able to verify that Killsontop did, in fact, file these two actions in the Fourth Judicial District Court.[3] Both matters appear to have been summarily denied.

At this point, there may be several procedural hurdles standing before Killsontop, including procedural default and/or exhaustion. But, because the Court is uncertain of what claims Killsontop advanced in either his state habeas petition

---

[2] In his response to the Order to Show Cause, Killsontop alleges that his attorney refused to call certain witnesses during trial (doc. 5 at 1), failed to present him with a plea agreement (*id.* at 2), and failed to adequately cross examine one of the State's witnesses (*id.* at 2-3).

[3] A court may take judicial notice of proceedings in other courts, including orders and filings in state courts, when directly related to the case at issue. *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011). The Court has reviewed the docket sheets in DV-32-2017-244-HC and DV-32-2016-948-PR, but has not reviewed the substance of any claims made by Killsontop or the basis for the denial of each petition.

or his state postconviction petition or of the basis for the trial court's denial of each, the Court cannot say at this point that there is no "real possibility of constitutional error." Rule 4, § 2254 Rules, advisory committee's note (1976) (quotation marks omitted) (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)); *see also Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (Schroeder, C.J., concurring). Additionally, because the order affirming Killsontop's conviction on direct appeal was entered on September 20, 2016, Killsontop still may have the ability to timely present and/or exhaust some of his claims in the state courts.[4] The Court makes no decision on any issue at this time. It finds only that further proceedings are required.

Counsel should be appointed to investigate whether or not there are any meritorious issues. If there are potentially meritorious issues, the Court will also benefit from an amended petition that simply and concisely sets out the claims. Consequently, it is in the interest of justice to appoint counsel to represent Killsontop. 18 U.S.C. §3006A(a)(2)(B). Appointed counsel should be advised, for the reasons mentioned herein, that this matter is **time sensitive**.

Based on the foregoing, the Court enters the following:

---

[4] See e.g., Mont. Code Ann. §46-21-102(b) (allowing for a postconviction petition to be filed within one year following the expiration of time for petitioning the United States Supreme Court for review); M.C.A. §46-22-202 (stating a writ of habeas corpus may be granted by any justice of the supreme court or by any district court judge).

3

**ORDER**

1. Counsel will be appointed to represent Killsontop.

2. The Federal Defenders shall locate conflict-free counsel to represent Killsontop in this proceeding. Counsel shall file a Notice of Appearance, and the Court will issue a formal order of appointment at that time.

3. Counsel shall first determine whether or not there are any meritorious issues and advise the Court accordingly. If it is determined by counsel that there are meritorious claims, within 30 days of counsel's notice advising the court of such claims, counsel shall file an amended petition setting forth all claims for relief. The amended petition will supersede the original petition in its entirety.

DATED this 21st day of September, 2017.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge